# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Desreen A. Travers,

        Petitioner,

v.

Kirstjen Nielsen, *Secretary of the Department of Homeland Security*, Ron Rosenberg,[1] *Director of the Potomac Center of the U.S. Citizenship and Immigration Services, Department of Homeland Security*, and Leslie Tritten, *Director of the Minnesota District Office of the U.S. Citizenship and Immigration Services, Department of Homeland Security*,

        Respondents.

**Case No. 18-cv-393 (SRN/SER)**

**REPORT AND RECOMMENDATION**

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Desreen A. Travers ("Travers") Petition for Writ of Habeas Corpus (the "Petition") [Doc. No. 2] and Kirstjen Nielsen, Ron Rosenberg, and Leslie Tritten's (the "Respondents") Motion to Dismiss [Doc. No.

---

[1]    Barbara Velarde ("Velarde") left her role as the Director of the Potomac Center in May 2018 and was replaced by Ron Rosenberg. *See* Bloomberg Law, *Immigration Agency Removing Appeals Office Chief*, https://bnanews.bna.com/daily-labor-report/immigration-agency-removing-appeals-office-chief (Feb. 23, 2018); *see also Barbara Velarde, Chief, Administrative Appeals Office*, https://www.uscis.gov/about-us/leadership/barbara-velarde-chief-administrative-appeals-office (last visited Aug. 14, 2018). This Court, however, could not confirm that Ron Rosenberg is still the acting Director of the Potomac Center, because his biography with the Department of Homeland Security was last updated on May 26, 2016. *See Ron Rosenberg, Chief, Administrative Appeals Office*, https://www.uscis.gov/about-us/leadership/ron-rosenberg-chief-administrative-appeals-office (last visited Aug. 14, 2018). For this purpose, the Court assumes Ron Rosenberg is still the acting Director of the Potomac Center. That said, because Velarde's replacement is automatically substituted for her in this lawsuit, this assumption does not impact the merits of this Court's analysis. *See* Fed. R. Civ. P. 25(d).

6]. This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends that Respondents' Motion to Dismiss be granted.

## I.     BACKGROUND

Travers brings her Petition seeking an order from the Court requiring the United States Citizenship and Immigration Services ("USCIS") "produce and issue" the I-551 card ("green card") owed to her. *See* (Pet. at 7). Travers alleges that she prepared her I-485 application seeking legal permanent resident status which was granted by the USCIS on April 25, 2001. *See* (*id.* at 5). Specifically, she was informed that her "[green] card will be mailed to you as soon as it is ready." (*Id.*). Travers "never received the [green card] despite multiple requests." (*Id.*). Further, Travers asserts that "[t]he USCIS subsequently requested that [she] provide, among others, a copy of the very [green card] they failed to produce." *See* (*id.*). Travers alleges that because she was unable to produce her original green card, USCIS did not provide her a new green card as she requested. *See* (*id.* at 5–6). Travers brings one ground for habeas relief: that she is prevented from "engag[ing] in the common occupations of life" and traveling internationally. *See* (*id.* at 6–7).

Respondents assert Travers has not met the "in custody" requirements of the habeas corpus statute, codified at 28 U.S.C § 2241. *See generally* (Mem. in Supp. of Mot. to Dismiss, "Mem. in Supp.") [Doc. No. 7]; (Reply Mem. in Supp. of Mot. to Dismiss, "Reply") [Doc. No. 11]. Travers argues that by depriving her of a green card the government has limited her ability to work and to travel internationally, amounting to constructive confinement. *See generally* (Pet'r's Resp. to Resp't's Mot. to Dismiss, "Mem. in Opp'n") [Doc. No. 10].

## II.     DISCUSSION

### A.     Legal Standard

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013) (Tunheim, J.). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

### B.     Analysis

Respondents challenge the Court's subject matter jurisdiction, alleging that Travers has not met the "in custody" requirements of 28 U.S.C § 2241. *See generally* (Mem. in Supp.); (Reply). Travers disagrees, asserting that by depriving her of a green card the government has limited her ability to work and to travel internationally, which demonstrates constructive custody. *See generally* (Mem. in Opp'n).

Under 28 U.S.C § 2241, a court lacks the power to grant the writ of habeas corpus unless

> (1) [The petitioner] is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) [The petitioner] is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) [The petitioner] is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) [The petitioner], being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the

commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring [her] into court to testify or for trial.

28 U.S.C. § 2241(c).

Thus, the central issue is whether Travers is "in custody" as contemplated by 28 U.S.C. § 2241. *Compare* (Mem. in. Supp.), *and* (Reply), *with* (Mem. in Opp'n). The Court begins its analysis by observing that "[t]he 'in custody' requirement is a **jurisdictional** requirement." *Nielsen v. City of Grant*, No. 13-cv-3543 (SRN/JJK), 2014 WL 1607474, at *5 (D. Minn. Apr. 16, 2014) (Keyes, Mag. J., as adopted by Nelson, J.) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam)). That is, "[t]he writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); *see also Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) (stating habeas corpus "cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody").

As a threshold matter, this Court recognizes that there is a gamut of conduct that has been found to meet the "in custody" requirement. Specifically,

the Supreme Court has noted that there was historical support for habeas corpus relief where a person's movements are otherwise sufficiently restrained, such as where (1) a woman's guardians were keeping her away from her husband, (2) an indentured girl was assigned to another man for "bad purposes," (3) a parent was attempting to obtain custody of a child from the other parent, or (4) a person was challenging conscription into the military.

*Gupta v. U.S. Att'y Gen.*, 485 F. App'x 386, 388 (11th Cir. 2012) (per curiam) (citing *Jones v. Cunningham*, 371 U.S. 236, 238–40 (1963)) Furthermore, when addressing the "in custody"

4

determination, courts use specific language suggesting different formulations under this rubric. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 80 (2005) (stating that the language and history of 28 U.S.C. § 2241 "makes clear that it traditionally has been accepted as the specific instrument to obtain release from [unlawful] confinement" (alteration in original) (internal quotation marks removed)); *I.N.S. v. St. Cyr*, 533 U.S. 289, 121 (2001) ("At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."). The Court conducts its analysis using the different terminology interchangeably to demonstrate that under no formulation does Travers meet the "in custody" requirement.

First, other courts have held that international travel restrictions are insufficient to constitute custody under 28 U.S.C. § 2241. *See, e.g.*, *Villarreal v. Horn*, 203 F. Supp. 3d 765, 770–71 (S.D. Tex. 2016); *Castillo v. Kerry*, No. 1:12-CV-154, 2013 WL 12145967, at *3 (S.D. Tex. Apr. 1, 2013); *see also Williams v. Wisconsin*, 336 F.3d 576, 581–82 (7th Cir. 2003) (holding that had Williams properly asserted habeas claims alleging his conditions for parole prevented international travel, these claims could not survive a motion to dismiss because international travel is not a fundamental right). This is consistent with caselaw dictating that the right to international travel is not a fundamental right and is therefore distinguishable from interstate travel. *See Haig v. Agee*, 453 U.S. 280, 306 (1981) ("The Court has made it plain that the **freedom** to travel outside the United States must be distinguished from the **right** to travel within the United States."); *see also Williams*, 336 F.3d at 581–82. As a result, this Court concludes that Travers is not "in custody" as it relates to international travel.

Second, other courts have held that employment restrictions and other financial constraints are not "in custody" as required by 28 U.S.C. § 2. *See, e.g.*, *Gupta*, 485 F. App'x

at 388 (concluding that a lack of employment authorization does not "equate[] to being 'in custody' for § 2241 purposes"); *see also Tucker v. Stong*, No. 12-cv-00809, 2012 WL 2590536, at *2 (D. Colo. July 5, 2012) (stating "the regrettable fact that Mr. Tucker's felony convictions make it more difficult for him to find employment does not constitute being 'in custody' such that it can permit federal habeas review"); *Bush v. Goff*, No. C07-5636, 2008 WL 375089, at *3 (W.D. Wash. Feb. 7, 2008) (stating "Mr. Bush's argument that he is still 'in custody' because, as a result of his convictions, he has had difficulty obtaining employment and a place to live" were properly rejected by the magistrate judge). The Court also notes that in *Tucker* and *Bush*, the financial hardships and inability to find work were arguably a direct result of the petitioners' respective convictions. *See Tucker*, 2012 WL 2590536, at *2; *Bush*, 2008 WL 375089, at *3. Here, however, Travers has not been convicted nor has she been the subject of any type of physical detention. These factors further erode the possibility that the Court has subject matter jurisdiction vis-à-vis 28 U.S.C. § 2241. *See St. Cyr*, 533 U.S. at 121; *Gupta*, 485 F. App'x at 387; *see also Campillo*, 853 F.2d at 595. Thus, Travers is not "in custody" on the basis of alleged employment restrictions.

Furthermore, the "constructive custody" cases Travers cites fail to support her argument. *Cf.* (Mem. in Opp'n at 3–4). For example, Travers refers to cases in support that address the contours of what it means to be "in custody" for someone that has at one point been physically detained. *See, e.g.*, *Rumsfield v. Padilla*, 542 U.S. 426, 432–41 (2004) (determining Padilla's proper custodian under the habeas statute after Padilla was detained as an enemy combatant); *Hensley v. Mun. Court*, 411 U.S. 345, 348–53 (1973) (addressing whether someone released on his own recognizance pending execution of his criminal sentence was "in custody"); *Jones*, 371 U.S. at 240–43 (determining whether someone released on parole after serving his sentence is "in

custody"). Other cases on which Travers relies are not decided on habeas grounds. *See, e.g.*, *Saenz v. Roe*, 526 U.S. 489 (1999) (determining whether a California law implementing a residency restriction on welfare recipients violated the Fourteenth Amendment); *Regan v. Wald*, 468 U.S. 222 (1984) (addressing whether travel restrictions to Cuba violated the freedom of travel protected by the Fifth Amendment). These cases are inapposite and not persuasive. At bottom, while "in custody" may mean something short of actual physical confinement, no caselaw that Travers asserted suggests that "in custody" applies where the petitioner of the writ has not been subjected to at least the threat of physical confinement, stemming from a criminal proceeding or otherwise. *Cf. Jones*, 371 U.S. at 240 (discussing historical exceptions to the physical confinement requirement); *see also Gupta*, 485 F. App'x at 387.

While it is concerning that Travers is still without her green card seventeen years after the government approved her status as a legal permanent resident, that concern does not give rise to a right for habeas relief. Ultimately, "[h]abeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to **release** [her]. Indeed, [the Court] . . . can act only on the body of the petitioner." *Fay v. Noia*, 372 U.S. 391, 430–31 (1963) (emphasis added), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977), *abrogated on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991); *see also Wilkinson*, 544 U.S. at 80 (stating that the language and history of 28 U.S.C. § 2241 "makes clear that it traditionally has been accepted as the specific instrument to obtain release from [unlawful] confinement" (alteration in original) (internal quotation marks removed)). As the discussion above demonstrates, there is no legally cognizable confinement from which to release Travers and Respondents' Motion to Dismiss should be granted.

## III.    RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     Kirstjen Nielsen, Ron Rosenberg, and Leslie Tritten's Motion to Dismiss [Doc. No. 6] be **GRANTED**; and

2.     This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

Dated: August 16, 2018

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).